UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Otabek K.R.,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Pamela Jo Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,<br><br>　　　　　Respondents. | Civil No. 26-955 (DWF/DJF)<br><br><br>MEMORANDUM<br>OPINION AND ORDER |

### INTRODUCTION

This matter is before the Court on Petitioner Otabek K.R.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States (the "Petition"). (Doc. No. 1.) Respondents oppose. (Doc. No. 4.) For the reasons set forth below, the Court grants the Petition and orders Respondents to immediately release Petitioner.

### BACKGROUND

Petitioner is a citizen of Uzbekistan who entered the United States on or about May 28, 2023. (Doc. No. 1 ¶¶ 1, 17, 29.) Petitioner was arrested and released on his

own recognizance pursuant to 8 U.S.C. § 1226 in May 2023.  (*Id.* ¶¶ 3, 17; Doc. No. 1-1.) Petitioner was then placed in removal proceedings under 8 U.S.C. § 1229a.  (Doc. No. 1 ¶¶ 5, 31.)  On January 11, 2024, Petitioner filed an asylum application.  (*Id.* ¶¶ 6, 32.) Petitioner has not violated the conditions of his release and has no criminal history.  (*Id.*)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on February 1, 2026, outside of his home.  (*Id.* ¶¶ 7, 17, 33.)  At the time that the Petition was filed, Petitioner was detained at Fort Snelling in Minnesota.  (*Id.* ¶¶ 13, 34.) Petitioner is currently in ICE custody in El Paso, Texas.  (Doc. No. 5-1.)[1]

Petitioner filed the Petition on February 2, 2026.  (Doc. No. 1 at 23.)  Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Administrative Procedure Act, the Immigration and Nationality Act, and the Due Process Clause of the Fifth Amendment.  (*Id.* ¶¶ 52-65.)  Petitioner requests, among other things, immediate release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226 within seven days.  (*Id.* at 22-23.)  On February 2, 2026, the Court ordered Respondents to answer the Petition on or before February 5, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order.  (Doc. No. 3.)  Respondents timely filed a response.  (Doc. No. 4.)

---

[1] Based on Petitioner's allegation that he was in Minnesota at the time of filing, it appears that Respondents violated the Court's order enjoining Respondents from moving Petitioner out of Minnesota while this action is pending.  The Court will not order contempt proceedings at this time, so long as Petitioner is promptly returned to Minnesota and released.

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), pointing the Court to their arguments in a pending Eighth Circuit case, *Avila v. Bondi*, No. 25-3248, and offering additional authority. (*See* Doc. No. 4.) Respondents summarize the legal basis for their interpretation of the mandatory detention provision under § 1225 but, in doing so, do not raise any arguments not already rejected by the Court. As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides

immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for nearly three years and has a pending application for asylum. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner: (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without conditions on release or any kind of tracking device; and (4) with all clothing and outerwear he was wearing at the time of detention, or other proper winter attire. In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

6. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

7. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 6, 2026    s/Donovan W. Frank
                           DONOVAN W. FRANK
                           United States District Judge